**COGBURN LAW OFFICES**
ANDREW L. REMPFER, ESQ.
Nevada Bar No. 8628
alr@cogburnlaw.com
DAVID LANGHAIM, ESQ.
dlanghaim@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
  Attorneys for Plaintiff CHERI SERLIN

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHERI SERLIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE ALEXANDER DAWSON SCHOOL, a Nevada limited liability company; ALEXANDER DAWSON, INC., a Nevada corporation; ALEXANDER DAWSON FOUNDATION, an entity form unknown; DOES I thru X, inclusive; ROE CORPORATIONS I thru X, inclusive,<br><br>　　　　　　Defendants. | Case No: 2:12-cv-01431-JCM-GWF<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND PURSUANT TO FED. R. CIV. P. 15(a)** |

Plaintiff Cheri Serlin ("Serlin"), by and through her attorney of record, Andrew L. Rempfer, Esq. of Cogburn Law Offices, hereby files her Reply in Support of Motion for Leave to Amend Pursuant to Fed. R. Civ. P. 15(a) ("*Motion*"). Plaintiff's *Motion* should be granted because the proposed amendment relates back to filing of the original timely *Complaint* (Docket #1), and the defendant business entities should be treated as one "employer" for purposes of Serlin's Title VII claims. This *Reply* is made and based on the papers and pleadings on file herein, the arguments of counsel, if any, at the time of hearing the matter, and the proceeding memorandum of points and authorities.

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendant's *Opposition* (docket #23) argues the Court should deny Plaintiff's *Motion* because the proposed amendment cannot relate back to the original *Complaint* and, therefore, the amendment would be untimely and futile. Defendant's argument is legally and logically flawed. Defendant ignores relevant case law concerning the "relating back" doctrine. In addition, Defendant's argument relies on the faulty assumption that Plaintiff purposely omitted Alexander Dawson School at Rainbow Mountain ("ADSRM") as a party-defendant.

Plaintiff's *Motion* should be granted because the proposed amendment arises out of the same conduct, transaction or occurrence upon which the first complaint was based. In addition, ADSRM received notice of the action, will not be prejudiced in maintaining its defense on the merits and knew or should have known that, but for Plaintiff's mistake, the action would have been brought against it.

Finally, analysis of the four factors under the *Alberter* test supports the conclusion that the separate business entities named as defendants should be treated as one employer for purposes of Serlin's Title VII action.[1]

### II.

### LEGAL ARGUMENT

**A. SERLIN'S MOTION SHOULD BE GRANTED BECAUSE HER PROPOSED AMENDMENT RELATES BACK TO THE ORIGINAL COMPLAINT UNDER F. R. CIV. P. 15(c).**

The "principal function of procedural rules should be to serve useful guidelines to help, not hinder, persons who have a legal right to bring their problems before the courts," and decisions on the merits are not to be avoided on the basis of mere technicalities."[2] Under Rule 15(C) a defendant not accurately named in an original complaint may be added after the statute

---

[1] *Alberter v. McDonald's Corp.*, 70 F.2d 1138 (D. Nev. 1999).
[2] *Schiavone v. Forturn*, 477 U.S. 21, 27 (1986).

of limitations has expired.[3]  An amendment relates back to the date of the original filing if the amendment arose out of the same conduct, transaction or occurrence upon which the first complaint was based, and if, within the filing period prescribed by law, the party being brought in by amendment: 1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining he defense on the merits, and 2) knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[4]

Serlin's proposed amendment meets the same transaction or occurrence test, as she seeks only to add ADSRM to her Complaint. To satisfy the notice requirement of Rule 15(C), Serlin must show ADSRM had actual notice prior to the expiration of the statute of limitations.[5] Such notice may be formal or informal.[6]

Under Fed. R. Civ. P. 4(d)(3), service may be made on a corporation "by delivering a copy of the summons and of the complaint to an officer, managing or a general agent, or to any other agent authorized by appointment or by law to receive service of process." The Ninth Circuit also permits service upon any individual "so integrated with the organization that he will know what to do with the papers" and "who stands in such a position as to render it fair, reasonable and just to imply the authority on his party to receive service."[7]

Serlin originally named as defendants The Alexander Dawson School, Alexander Dawson, Inc. and Alexander Dawson Foundation.  Oswald Gutsche ("Gutsche") is the registered agent for Alexander Dawson School, Alexander Dawson, Inc. *and* ADSRM. Gutsche is also the President and Treasurer of Alexander Dawson School.  Gutsche was timely served with the original *Complaint*.  Thus, ADSRM had the requisite notice through Gutsche within the 90-day limitations period.

---

[3] *Korn v. Royal Caribbean Cruise Line, Inc*. 724 F.2d 1397, 1399 (9th Cir. 1984).
[4] Fed. R. Civ. P. 15(C); *Schiavone*, 477 U.S. at 29; *Miles v. Department of the Army*, 881 F.2d 777, 781 (9th Cir. 1989).
[5] *Cooper v. United States Postal Serv.*, 740 F.2d 714, 716-17 (9th Cir. 1984).
[6] *Korn*, 724 F.2d at 1399.
[7] *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Finally, amendment is proper because ADSRM should have known that, but for Serlin's mistake concerning the identity of her employer, the action would have been brought against it. Defendant argues Serlin purposely omitted ADSR and thus the proposed amendment cannot relate back to the original *Complaint*. Defendant's argument is a classic example of circular reasoning, where Defendant assumes what it seeks to prove. Defendant's opposition states, "[…] one can only assume the Plaintiff, for whatever strategic, legal purpose, elected to omit the name of ADSRM in the Complaint."[8] The assumption that Serlin purposely omitted ADSRM is a premise for Defendant's conclusion that the proposed amendment cannot relate back. However, indirectly assuming the conclusion of an argument is not evidence for that conclusion. Defendant offers no proof that Serlin purposely omitted ADSRM. Rather, as discussed in her Motion, Serlin adduced information that Defendants as presently named would deny they were Serlin's employer, thus demonstrating awareness of her mistake.

Because Serlin's proposed amendment arises out of the same transaction or occurrence, ADSRM received actual notice of the original *Complaint* and ADSRM knew, but for the mistake of identify, Serlin would have brought the action against ADSRM, the proposed amendment relates back to the original *Complaint* for purposes of the limitations period.

### B. THE SEPARATE BUSINESS ENTITES NAMED AS DEFENDANTS SHOULD BE TREATED AS ONE EMPLOYER FOR PURPOSE OF SERLIN'S TITLE VII CLAIMS.

In order to determine whether two or more separate business entities should be treated as one employer for purposes of Title VII, the Ninth Circuit applies a four-part test initially formulated by the National Labor Relations Board for use in labor cases.[9] The four factors to be considered are: 1) interrelation of operations; 2) common management; 3) centralized control of labor relations; and 4) common ownership of financial control.[10]

Here, the named Defendants and ADSR have an interrelation of operations, common management, centralized control and common ownership. Defendant Alexander Dawson

---

[8] (Docket #23 at p. 5).
[9] *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1213 (9th Cir. 1989).
[10] *Alberter*, 70 F.2d 1138 (D. Nev. 1999).

1  Foundation is the managing member of Defendant Alexander Dawson School, Inc. *and* ADSR.
2  In addition, ADSR is governed by an eight-member board, including Farrow Smith, Gutsche,
3  and Joe Borini, who happen to be Defendant Alexander Dawson, Inc.'s Director, President and
4  Secretary, respectively. The board's primary responsibilities include managing the school's
5  annual budget, personnel management and development of school policies. Because there is
6  interrelation of operations, common management, common ownership and financial control and
7  centralized control of labor relations, the named business entity Defendants and ADSR should be
8  considered Serlin's one "employer" for purpose of her Title VII claims.

## III.

## CONCLUSION

Because amendments to pleadings should be granted liberally to help people have their legal claims decided on their merits, and because Plaintiff's proposed amendment relates back to the original *Complaint*, Serlin should be granted leave to amend her *Complaint*. Adding a proper defendant via their proper corporate name and identity is manifestly fair and promotes litigating this matter on its merits. Given that the interests of justice are served by allowing the amendments, Plaintiff should be granted leave to amend pursuant to Fed. R. Civ. P. 15 et. seq.

Dated this 17th day of December 2012.

Respectfully Submitted By:

**COGBURN LAW OFFICES**

By: /s/ Andrew L. Rempfer, Esq.
    Andrew L. Rempfer, Esq.
    David Langhaim, Esq.

Attorneys for Plaintiff CHERI SERLIN

# PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 2879 St. Rose Parkway, #200, Henderson, NV 89052.

On December 17, 2012, I served the within document(s):

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)**

☐ By **U.S. Mail** a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

[X] By **CM/ECF Filing** – with the United States District Court of Nevada, a copy of the Court's notification of e-filing is attached to the hard copy for either faxing, mailing, overnight delivery, and/or hand-delivery.

☐ By **Facsimile Transmission** – the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is **attached** to the hard copy. The names and facsimile numbers of the person(s) served are as set forth below.

☐ By **Overnight Delivery** – by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ By personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Nick Crosby, Esq.
MARQUIS AURBACH COFFING
1001 Park Run Drive
Las Vegas, NV 89145

I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ David L. Langhaim, Esq.
An Employee of Cogburn Law Offices

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616  FAX: (702) 943-1936