# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHERI SERLIN

        Plaintiff(s),

v.

THE ALEXANDER DAWSON SCHOOL, et al.,

        Defendant(s).

2:12-CV-1431 JCM (GWF)

## ORDER

Presently before the court is plaintiff's motion to amend/correct complaint. (Doc. # 21). Defendants filed a response in opposition (doc. # 23), and plaintiff filed a reply (doc. # 25).

**I.**    **Background**

Plaintiff was a school teacher. She lost her job and alleges it was due to age discrimination and Family and Medical Leave Act violations, among other things. (*See* doc. # 21). Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff timely filed the instant lawsuit after receiving the right to sue letter.

Plaintiff named all of the following as defendants in her complaint: Alexander Dawson School, a Nevada limited liability company; Alexander Dawson School, a Nevada corporation; and Alexander Dawson Foundation. (Doc. # 1, Compl.). Plaintiff now seeks to amend her complaint and add Alexander Dawson School at Rainbow Mountain, LLC as a defendant. (Doc. # 21). This is plaintiff's first request to amend her complaint.

**James C. Mahan**
**U.S. District Judge**

1  **II.    Legal Standard**

2   "[L]eave to amend should be granted 'if at appears at all possible that the plaintiff can correct

3   the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations and quotations

4   omitted).

5   Under Rule 15©, "[a]n amendment to a pleading relates back to the date of the original

6   pleading" in three circumstances.  First, for all amendments, relation back is permitted if "the law

7   that provides the applicable statute of limitations allows relation back." Fed.R.Civ.P. 15(c)(1)(A).

8   Second, relation back is permitted if "the amendment asserts a claim or defense that arose out of the

9   conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading."

10  Fed.R.Civ.P. 15(c)(1)(B).

11  For the third circumstance, the party seeking to amend its complaint must satisfy several

12  showings.  Relation back is permitted if " the amendment changes the party or the naming of the

13  party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period

14  provided by Rule 4(m) . . ., the party to be brought in by amendment: (I) received such notice of the

15  action that it will not be prejudiced on the merits; and (ii) knew or should have known that the action

16  would have been brought against it, but for a mistake concerning the proper party's identity."

17  Fed.R.Civ.P. 15(c)(1)©; *see generally Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434

18  (9th Cir. 1993) (discussing Rule 15(c)(1)© prior to the amended current version).

19  In addition to the Rule 15 requirements, the local rules of federal practice in the District of

20  Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend.

21  LR 15-1(a).

22  **III.    Discussion**

23  Plaintiff argues that its omission of Alexander Dawson School at Rainbow Mountain was a

24  mistake and that the liberal standard of Rule 15 allows her to amend her complaint.  Defendants

25  counter by arguing that the court should not allow an amendment because the statute of limitations

26  (90 days) of filing an action pursuant to an EEOC right to sue letter has passed.  Defendants further

27  argue that plaintiff purposefully omitted Alexander Dawson School at Rainbow Mountain from the

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 | Alexander Dawson School entities.

2 | In plaintiff's reply, she argues that she meets the requirements of Fed.R.Civ.P. 15(c)(1)(B) and (c)(1)©. The court agrees with plaintiff. Her proposed amended complaint properly arose out of the conduct, transaction or occurrence set forth in the original pleading as required by Rule 15(c)(1)(B). Plaintiff's firing is part of the same conduct, transaction, or occurrence that forms the basis of the complaint.

The complaint also seeks to add a defendant that knew or should have known that plaintiff made a mistake. The defendant sought to be added, Alexander Dawson School at Rainbow Mountain, is closely affiliated with the current defendants. The Alexander Dawson School at Rainbow Mountain was on notice of the action within the time period provided by Rule 4(m) because of the close relationship with the other defendants.

Additionally, the Alexander Dawson School at Rainbow Mountain knew or should have known that this action would have been brought against it but for a mistake or oversight concerning its identity. *See Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2493-97 (2010); *Schiavone v. Fortune*, 477 U.S. 21, 27-32 (1986); *Lopez*, 203 F.3d at 1130-31. The defendant that plaintiff seeks to add will not be prejudiced because (1) the new defendant should have already been on notice of the lawsuit and (2) discovery has yet to begin in this lawsuit. The court finds it appropriate to permit plaintiff to amend her complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend/correct complaint (doc. # 21) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall filed the proposed amended complaint that is attached to her motion as exhibit 1 within ten (10) days of the publication of this order.

DATED February 7, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -